JOSEPH H. HUNT
Assistant Attorney General
DAVID L. ANDERSON
United States Attorney
ALEXANDER K. HAAS
Branch Director
ERIC J. SOSKIN
Senior Trial Counsel
KERI L. BERMAN
KUNTAL V. CHOLERA
JOSHUA M. KOLSKY, DC Bar No. 993430
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

  P.O. Box 883
  Washington, D.C. 20044
  Telephone:  (202) 305-7664
  Facsimile:  (202) 616-8470
  Email: joshua.kolsky@usdoj.gov

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LA CLINICA DE LA RAZA, *et al.* | Case No. 4:19-cv-04980-PJH |
| Plaintiffs, | |
| v. | **DEFENDANTS' RESPONSE TO COURT'S ORDER TO FILE DRAFT INJUNCTION** |
| DONALD J. TRUMP, *et al.*, | |
| Defendants. | |

Pursuant to the Court's Order at the October 2, 2019 Preliminary Injunction Hearing, *see* ECF No. 123, Defendants hereby provide a proposed injunction for each Plaintiff in this case.[1] As the Court is aware, Defendants disagree that any relief is necessary or appropriate in this case. As Defendants previously explained, if the Court were to determine that relief is warranted as to some plaintiffs, such relief should be tailored to remedy only the irreparable harms established by specific plaintiffs who are within the zone of interests of the specific statutory provision. For the organizational plaintiffs in this case, any injunction should also be tailored to the specific public benefit programs that those plaintiffs identify as the basis for their claimed irreparable injury. Further, the scope of any relief should ensure that the balance of equities tips in favor of granting the relief. For this reason, Defendants provide a proposed injunction as to each plaintiff individually; to the extent the Court finds that relief should be granted to more than one of the plaintiffs, Defendants propose that the Court combine the proposals for those plaintiffs into a single order.

**La Clinica de La Raza**: "Defendants are hereby enjoined from taking receipt of Medicaid into account in any public charge inadmissibility determination with respect to any resident of California who is served by the following field offices: the San Francisco Field Office and the Sacramento Field Office (which serve, inter alia, Alameda, Contra Costa, and Solano Counties). For purposes of this order, "receipt of Medicaid" is defined to include any application for Medicaid, certification or approval for receipt of Medicaid, or actual receipt of Medicaid benefits."

**California Primary Care Association:** Defendants are hereby enjoined from taking receipt of Medicaid into account in any public charge inadmissibility determination with respect to any resident of California. For purposes of this order, "receipt of Medicaid" is defined to include any

---

1 Pursuant to the Court's instruction, the parties met and conferred on October 4, 2019, regarding possible injunctions. Although the parties identified some areas of common ground, the overall differences between the parties' positions proved too big a gap to bridge.

1

*La Clinica de la Raza, et al. v. Trump*, et al., Case No. 19-cv-4980-PJH
Defs' Response to Order for Proposed Injunction

application for Medicaid, certification or approval for receipt of Medicaid, or actual receipt of Medicaid benefits."

**Maternal and Child Health Access:** "Defendants are hereby enjoined from taking receipt of SNAP or Medicaid into account in any public charge inadmissibility determination with respect to any resident of California who is served by the following field offices: the Los Angeles County field office; the Los Angeles field office, the San Bernardino County field office, the San Fernando Valley field office; and the Santa Ana field office (which collectively serve, inter alia, the residents of Los Angeles County). For purposes of this order, "receipt of SNAP or Medicaid" is defined to include any application for SNAP or Medicaid, certification or approval for receipt of SNAP or Medicaid, or actual receipt of SNAP or Medicaid benefits."

**Farmworker Justice:** "Defendants are hereby enjoined from applying the public charge rule to any alien farmworker to whom Farmworker Justice has provided 'policy analysis and advocacy, legal advocacy, training, [or] technical assistance,' ECF No. 36-5 at ¶ 5, in the three years preceding entry of this injunction, provided that Farmworker Justice submits and certifies the accuracy of a list of such individuals by name, city and state of residence, and if available, A-number, to DHS within 7 days of this order."

**Council on American-Islamic Relations-California ("CAIR-CA"):** "Defendants are hereby enjoined from applying the public charge rule to any current alien client, or client within the preceding three years, of CAIR-CA's "Immigrants' Rights Center," ECF No. 35-7, as of the date of this Order, provided that CAIR-CA submits and certifies the accuracy of a list of such individuals by name, city and state of residence, and if available, A-number, to DHS within 7 days of this order."

**African Communities Together**: "Defendants are hereby enjoined from applying the public charge rule to any of the 3000 individuals counted as members of African Communities Together

by the Declaration of Amaha Kassa, ECF No. 35-2, provided that African Communities Together submits and certifies the accuracy of a list of such individuals by name, city and state of residence, and if available, A-number, to DHS within 7 days of this order."

**Legal Aid Society of San Mateo County**: "Defendants are hereby enjoined from applying the public charge rule to any resident of California who is served by the San Francisco field office (which serves, inter alia, the residents of San Mateo County)."

**Central American Resource Center of Los Angeles**: "Defendants are hereby enjoined from applying the public charge rule to any resident of California who is served by the following Field Offices: the Los Angeles County field office; the Los Angeles field office, the San Bernardino County field office, the San Fernando Valley field office; and the Santa Ana field office (which collectively serve, inter alia, the residents of Los Angeles County), as well as the Fresno field office and the San Bernardino field office (which collectively serve the resident of, inter alia, San Bernardino County)."

**Korean Resource Center**: Defendants are hereby enjoined from applying the public charge rule to any of the members of the Korean Resource Center, provided that the Korean Resource Center submits and certifies the accuracy of a list of such individuals by name, city and state of residence, and if available, A-number, to DHS within 7 days of this order."

Dated: October 7, 2019               Respectfully submitted,

                                            JOSEPH H. HUNT
                                            Assistant Attorney General

                                            ALEXANDER K. HAAS
                                            Branch Director

                                            */s/ Joshua M. Kolsky*
                                            KERI L. BERMAN

3

*La Clinica de la Raza, et al. v. Trump*, et al., Case No. 19-cv-4980-PJH
Defs' Response to Order for Proposed Injunction

KUNTAL V. CHOLERA
JOSHUA M. KOLSKY, DC Bar #993430
ERIC J. SOSKIN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
joshua.kolsky@usdoj.gov

*Attorneys for Defendants*

4

*La Clinica de la Raza, et al. v. Trump, et al.*, Case No. 19-cv-4980-PJH
Defs' Response to Order for Proposed Injunction