Nicholas Espíritu (SBN 237665)
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Boulevard, #108-62
Los Angeles, CA 90010
Telephone: (213) 639-3900
Fax: (213) 639-3911
espiritu@nilc.org

Antionette Dozier (SBN 244437)
WESTERN CENTER ON LAW & POVERTY
3701 Wilshire Boulevard, Suite 208
Los Angeles, CA 90010
Tel: (213) 487-7211
Fax: (213) 487-0242
adozier@wclp.org

Martha Jane Perkins (SBN 104784)
NATIONAL HEALTH LAW PROGRAM
200 N. Greensboro Street, Ste. D-13
Carrboro, NC 27510
Tel.: (919) 968-6308
Fax: (919) 968-8855
perkins@healthlaw.org

*Attorneys for Plaintiffs La Clínica de La Raza et al.*
*See signature page for complete list of parties represented*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| LA CLÍNICA DE LA RAZA, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, ET AL. <br><br> Defendants. | Case No. 4:19-cv-04980-PJH <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND REQUEST FOR LEAVE TO SERVE DISCOVERY** <br><br> Date: March 4, 2020 <br> Time: 9:00 a.m. <br> Courtroom: 3 <br> Judge: Hon. Phyllis J. Hamilton <br> Trial Date: None Set <br> Action Filed: August 16, 2019 |

Case No. 4:19-cv-4980
PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND
REQUEST FOR LEAVE TO SERVE DISCOVERY

**NOTICE OF MOTION AND MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND REQUEST FOR LEAVE TO SERVE DISCOVERY**

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 4, 2020, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, Plaintiffs La Clínica de La Raza, African Communities Together, California Primary Care Association, Central American Resource Center, Farmworker Justice, Council on American-Islamic Relations-California, Korean Resource Center, Maternal and Child Health Access, and Legal Aid Society of San Mateo County (collectively, "Plaintiffs") will and hereby do move for an order compelling completion of the administrative record and providing leave to serve discovery.

This Motion is made following the conference of counsel, which took place telephonically on January 28, 2020. Plaintiffs' counsel also has conferred with counsel for the plaintiff States in the related action *State of California, et al. v. Dept. of Homeland Security, et al.*, Case No. 4:19-cv-04975-PJH. As explained in detail below, Plaintiffs join in the concurrently filed Motion for the Completion of the Administrative Record and Request for Leave to Serve Discovery of the Plaintiff States and seek the same relief in this case: First, that the Court allow Plaintiffs to take discovery in support of their equal protection claims, and second, that the Court order Defendants to complete the administrative record to include policies, procedures, forms and guidance related to the application of the public charge ground of inadmissibility and other procedures implicated by the Rule that were in place prior to the Rule's issuance; the USCIS article, *Public Charge Provisions of Immigration Law: A Brief Historical Background*, and all data the article references, including INS, DHS, and State Department consular processing statistics related to public charge determinations; inter- and intra-agency communications related to the Rule, including records related to the process of developing forms related to public charge determinations and estimations explained in the Rule's Regulatory Impact Analysis; and White House and other external communications to the Agency related to the Rule. Defendants also should supplement the Record with materials related to Form I-944 and a privilege log as appropriate.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

INTRODUCTION .......................................................................................................................... 1

    A.    Plaintiffs Are Entitled to Discovery in Support of Their Racial Discrimination Equal Protection Claim .................................................................. 2

    B.    Defendants Should Be Ordered to Complete the Administrative Record and Produce a Privilege Log ................................................................................. 6

CONCLUSION ............................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Bellion Spirits, LLC v. United States*,
 335 F. Supp. 3d 32 (D.D.C. 2018) ..............................................................................................4

*CASA de Maryland, Inc. v. Trump*,
 No. GJH-18-cv-845, ECF No. 57 (D. Md. Feb. 8, 2019).............................................................3

*Chiayu Chang v. USCIS*,
 254 F. Supp. 3d 160 (D.D.C. 2017) ............................................................................................4

*Ctr. for Environ. Health v. Perdue*,
 No. 18-cv-01763-RS, 2019 WL 3852493 (N.D. Cal. May 6, 2019)...........................................6

*Dep't of Commerce v. N.Y.*,
 139 S. Ct. 2551 (2019) ................................................................................................................3

*Exxon Mobile Corp. v. Mnuchin*,
 No. 3:17-CV-1930-B, 2018 WL 4103724 (N.D. Tex. Aug. 29, 2018) .......................................7

*Grill v. Quinn*,
 No. CIV S–10–0757, 2012 WL 174873 (E.D. Cal. Jan. 20, 2012).........................................3, 5

*Herbert v. Lando*,
 441 U.S. 153 (1979) ....................................................................................................................5

*Jiahao Kuang v. U.S. Dep't of Def.*,
 No. 18-CV-03698-JST, 2019 WL 293379 (N.D. Cal. Jan. 23, 2019).........................................4

*J.L. v. Cissna*,
 No. 18-cv-04914-NC, 2019 WL 2224851 (N.D. Cal. Mar. 8, 2019)..........................................4

*Mayor & City Council of Baltimore v. Trump*,
 No. ELH-18-3636, 2019 WL 6970631 (D. Md. Dec. 19, 2019).................................................4

*McCrary v. Gutierrez*,
 495 F. Supp. 2d 1038 (N.D. Cal. 2007) ..................................................................................3, 7

*Puerto Rico Pub. Hous. Admin. v. U.S. Dep't of Hous. & Urban Dev.*,
 59 F. Supp. 2d 310 (D.P.R. 1999) ...............................................................................................3

*S.F. Bay Conservation & Develop. Comm'n v. U.S. Army Corps of Eng'rs*,
 No. 16-cv-05420-RS(JCS), 2018 WL 3846002 (N.D. Cal. Aug. 13, 2018) ...............................7

*S.W. Ctr. for Bio. Diversity v. U.S. Forest Serv.*,
 100 F.3d 1443 (9th Cir. 1996)..................................................................................................3, 7

# TABLE OF AUTHORITIES

### (Continued)

**Page**

*Saget v. Trump*,
    375 F. Supp. 3d 280 (E.D.N.Y. 2019) .................................................................................. 3, 5

*Sierra Club v. Zinke*,
    No. 17-CV-07187-WHO, 2018 WL 3126401 (N.D. Cal. June 26, 2018) ................................ 6

*Smith v. Town of Clarkton*,
    682 F.2d 1055 (4th Cir. 1982) .................................................................................................. 5

*State of California, et al. v. Department of Homeland Security, et al.*,
    Case No. 4:19-cv-04975-PJH ......................................................................................... 2, 3, 6 7

*Torres v. City Univ. of N.Y.*,
    No. 90 Civ. 2278, 1992 WL 380561 (S.D.N.Y. Dec. 3, 1992) ................................................. 5

*In re United States*,
    874 F.3d 1200 (9th Cir. 2017) .................................................................................................. 7

*United States v. Lake Cty. Bd. of Comm'rs*,
    233 F.R.D. 523 (N.D. Ind. 2005) .............................................................................................. 5

*Village of Arlington Heights v. Metropolitan Housing Development Corp.*,
    429 U.S. 252 (1977) ......................................................................................................... 2, 3, 5

*Webster v. Doe*,
    486 U.S. 592 (1988) .................................................................................................................. 3

**FEDERAL STATUTES**

8 U.S.C. § 1182(a)(4)(A), Immigration and Nationality Act § 212(a)(4), ....................................... 1

**FEDERAL RULES**

Fed. R. Civ. P. 26 ........................................................................................................................ 1, 3

**FEDERAL REGULATIONS**

84 Fed. Reg. 41,292 (Aug. 14, 2019) ............................................................................................. 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs La Clínica de La Raza, African Communities Together, California Primary Care Association, Central American Resource Center, Farmworker Justice, Council on American-Islamic Relations-California, Korean Resource Center, Maternal and Child Health Access, and Legal Aid Society of San Mateo County (collectively, "Plaintiffs" or "Organizational Plaintiffs") have brought this action to challenge Defendants' promulgation of a final rule, "Inadmissibility on Public Charge Grounds," RIN 1615-AA22, 84 Fed. Reg. 41,292 (Aug. 14, 2019) ("Rule") that expands the circumstances in which the Department of Homeland Security may deny individuals' admission to the United States on "public charge" grounds when seeking an extension of stay, change of visa category, or lawful permanent resident status.  *See* Immigration and Nationality Act § 212(a)(4), 8 U.S.C. § 1182(a)(4)(A).  The Rule represents a radical and unauthorized change in federal immigration policy.  It seeks to transform a traditionally narrow ground of inadmissibility into a major barrier for many low- and moderate-income immigrants present in the United States, particularly immigrants of color.

Plaintiffs have challenged the Rule with two causes of action under the Administrative Procedure Act ("APA"), alleging that the rule is contrary to the statutory scheme established by Congress (Compl., ECF No. 1, ¶¶ 152-156) and arbitrary, capricious, and not in accordance with law (Compl. ¶¶ 157-170).  Plaintiffs also have alleged a separate and independent cause of action challenging the Rule under the Equal Protection Clause of the United States Constitution for discrimination against non-white immigrants.  Compl. ¶¶ 171-178.[1]

Pursuant to this Court's Case Management Order (ECF No. 147), Plaintiffs bring this Motion for two reasons:  First, to establish that Plaintiffs are entitled to discovery under Rule 26 of the Federal Rules of Civil Procedure in support of Plaintiffs' equal protection claim for racial

---

[1] Plaintiffs also allege a cause of action based on the Declaratory Judgment Act for the unlawful appointment of Defendant Cuccinelli.  Compl. ¶¶ 179-183.  That claim is not at issue in this Motion.

discrimination, just as in any other civil rights case.  Second, Plaintiffs also seek to compel the production of the complete administrative record ("Record") in support of their claims under the APA, just as the plaintiff States in the related case *State of California, et al. v. Department of Homeland Security, et al.*, Case No. 4:19-cv-04975-PJH, have requested in their concurrently filed motion.  *See State of Cal.*, No. 4:19-cv-04975-PJH, ECF No. 149 (N.D. Cal. Jan. 29, 2020).

The interests and arguments of the Organizational Plaintiffs in this case overlap with those of the plaintiff States in the *State of California* case, and the plaintiff States have filed a motion addressing these same points.  The Organizational Plaintiffs will not burden the Court by repeating the same points here.  Instead, the Organizational Plaintiffs join the plaintiff States' motion in full and incorporate it by reference herein.  In this Motion, the Organizational Plaintiffs (1) offer additional support for Plaintiffs' right to discovery for their equal protection claims, and (2) show that the claims asserted in the Organizational Plaintiffs' complaint also merit discovery and completion of the Record for the same reasons as the claims asserted by the plaintiff States.

### A. Plaintiffs Are Entitled to Discovery in Support of Their Racial Discrimination Equal Protection Claim

Plaintiffs' equal protection claim is separate and independent from their APA claim.  It alleges that the Rule was brought as part of a "consistent pattern of racial discrimination in this Administration's immigration policies" that is designed "to prevent immigrants of color from coming to and remaining in the United States" by erecting unauthorized "hurdles to family-based immigration" among other initiatives.  Compl. ¶¶ 1, 8, 119-20.  Consistent with *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977), Plaintiffs allege that at least one of the insidious purposes and motivations behind the Rule is to have a racially disparate and discriminatory impact on non-white immigrants.  Compl. ¶¶ 111, 116-27.  Plaintiffs also allege there were procedural irregularities in the rulemaking process, including the unlawful appointment of Mr. Cuccinelli, which are indicia of illegal motivations.  Compl. ¶¶ 125-30; *see Arlington Heights*, 429 U.S. at 266.  Evidence submitted in support of Plaintiffs' preliminary injunction motion also demonstrated that the Rule will have a disparate

impact on immigrants of color.  Van Hook Decl. in Support of Organizational Plaintiffs' Motion for Preliminary Injunction, ECF No. 39, ¶¶ 10-14, 45-71, 77-79.

As the plaintiff States explicate in their concurrent motion, *see State of Cal.*, No. 4:19-cv-04975-PJH, ECF No. 149 at 13-15, disparate impact claims require "a sensitive inquiry into such circumstantial and direct evidence as may be available," including an examination of the "historical background of the decision," procedural irregularities, and substantive decisionmaking changes.  *Arlington Heights*, 429 U.S. at 266-67.  While, as noted above, Plaintiffs already have alleged facts supporting their claims, which along with the facts alleged by the plaintiff States provide a strong basis for additional discovery beyond the Record already provided in this case,[2] Plaintiffs still require discovery to prove their constitutional claim.  Under Federal Rule of Civil Procedure 26(b)(1), Plaintiffs are entitled to such discovery in support of their cause of action.

Discovery is not limited by the strictures of APA practice merely because Plaintiffs have brought their constitutional claim alongside APA claims.  Courts consistently permit discovery for constitutional claims in cases involving both constitutional and APA challenges, particularly in cases where the constitutional claims are based on allegations that the agency action was motivated by animus and therefore subject to heightened scrutiny, as here.  *See, e.g.*, *Saget v. Trump*, 375 F. Supp. 3d 280, 368 (E.D.N.Y. 2019); *Puerto Rico Pub. Hous. Admin. v. U.S. Dep't of Hous. & Urban Dev.*, 59 F. Supp. 2d 310, 326-27 (D.P.R. 1999); *Grill v. Quinn*, No. CIV S–10–0757, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012) ("A direct constitutional challenge is reviewed independent of the APA."); *CASA de Maryland, Inc. v. Trump*, No. GJH-18-cv-845, ECF No. 57 (D. Md. Feb. 8, 2019) (Scheduling Order permitting fact discovery in addition to administrative record in case involving challenge to agency action based on racial animus); *see also Webster v. Doe*, 486 U.S. 592, 604 (1988) (noting "the District Court has the latitude to

---

[2] These allegations would also support extra-record discovery on the APA claims.  While discovery on APA claims is generally limited to the administrative record, there is an exception where, as here, the claim is based on "agency bad faith" or "improper behavior."  *S.W. Ctr. for Bio. Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996); *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041-43 (N.D. Cal. 2007) (citation omitted); *see also Dep't of Commerce v. N.Y.*, 139 S. Ct. 2551, 2573-74 (2019).

control any discovery process which may be instituted so as to balance respondent's need for access to proof which would support a colorable constitutional claim against" the needs of the agency).

By contrast, cases where courts have declined discovery outside the administrative record frequently involve constitutional claims with standards and analysis "fundamentally similar" to APA review, such as claims subject to rational basis review. *See, e.g.*, *Chiayu Chang v. USCIS*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017) (denying discovery where rational basis review applied); *Jiahao Kuang v. U.S. Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 293379, at *2-3 (N.D. Cal. Jan. 23, 2019) (denying discovery where plaintiffs did not allege discrimination based on a suspect classification, meaning constitutional analysis was "fundamentally similar" to arbitrary and capricious review under the APA); *J.L. v. Cissna*, No. 18-cv-04914-NC, 2019 WL 2224851, at *1-2 (N.D. Cal. Mar. 8, 2019) (noting that "extra-record discovery is generally limited to cases where the constitutional claim does not overlap with the APA claim or the substance of an agency decision," and finding that plaintiffs there did not allege the challenged agency action was "motivated by animus"); *Mayor & City Council of Baltimore v. Trump*, No. ELH-18-3636, 2019 WL 6970631, at *10-12 (D. Md. Dec. 19, 2019) (denying discovery where the claim was subject to rational basis review). These cases where courts denied discovery for constitutional claims are distinguishable because they did not involve the strict scrutiny applicable to the racial animus claims at issue here.

Cases involving scrutiny of alleged racially disparate impact and discrimination are unlike constitutional challenges to agency decisions based on the substance of a decision in a particular case, where the court may properly review the decision on an administrative record. *See, e.g.*, *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 42-44 (D.D.C. 2018) (rejecting discovery for First Amendment claim because it challenged the substance of an agency's decision that the plaintiff's health claims were misleading). Cases involving constitutional claims based on allegations of agency animus call for a different and heightened scrutiny, in contrast to the deferential standard of review in APA cases based purely on the administrative record. And records sufficient for APA review are not likely to contain the evidence needed to prove an animus

claim subject to such heightened scrutiny.  "[O]fficials acting in their official capacities seldom, if ever, announce on the record that they are pursuing a particular course of action because of their desire to discriminate against a racial minority."  *United States v. Lake Cty. Bd. of Comm'rs*, 233 F.R.D. 523, 528-29 (N.D. Ind. 2005) ("It is only in private conversation, with individuals assumed to share their bigotry, that open statements of discrimination are made, so it is rare that these statements can be captured for purposes of proving racial discrimination . . . .") (quoting *Smith v. Town of Clarkton*, 682 F.2d 1055, 1064 (4th Cir. 1982))).  Thus, "decisionmakers' thoughts and unrecorded deliberations are appropriate forms of discoverable evidence in cases" alleging discrimination by a governmental agency.  *Id.* at 528; *see also Torres v. City Univ. of N.Y.*, No. 90 Civ. 2278, 1992 WL 380561, at *4 (S.D.N.Y. Dec. 3, 1992) (noting plaintiffs asserting a violation of a civil right are "entitled to probe for circumstantial evidence of intent" through a "broad and liberal treatment" of discovery rules (citing *Herbert v. Lando*, 441 U.S. 153, 170-75 (1979))).

As with other cases involving the heightened judicial scrutiny of racial animus claims and as argued by the plaintiff States in their motion, Plaintiffs are entitled to discovery on their equal protection claims and should not be limited to what the agency decides to put forward as evidence through their Record.  Evidence that would support discrimination claims is often kept out of official records, so discovery is crucial for parties like Plaintiffs here, who seek to prove discriminatory purpose or motive behind an agency's actions.  *See Grill*, 2012 WL 174873, at *4-5 ("Bias, if any, is likely to be found in documents not part of the record, if any, which demonstrate the 'real' reason for the decision at issue.").  And it is especially unlikely that such necessary evidence would be included in the Record produced in this case, which, as detailed in the plaintiff States' motion, is substantively deficient, lacking even a privilege log regarding the materials related to the agency's internal deliberations about and motivations for the Rule.  Such deliberative materials often contain the actual evidence of animus that is necessary for parties to prove their discrimination claim.  *E.g.*, *Lake Cty. Bd. of Comm'rs*, 233 F.R.D. at 528.  Limiting discovery to the administrative record would render it "impossible" for the Court and parties "to conduct the full and thorough analysis . . . *Arlington Heights* demands." *Saget*, 375 F. Supp. 3d at 368.

Plaintiffs agree with the description of discovery sought by the plaintiff States (*e.g.*, *State of Cal.*, No. 4:19-cv-04975-PJH, ECF No. 149 at 17) and would seek to coordinate discovery with the plaintiff States and defense counsel so as to avoid unnecessary burdens and duplicative work. Plaintiffs also agree with the plaintiff States that a stay of discovery is not warranted here, but would abide by the proposed timeline for discovery in the plaintiff States' motion. *Id.* at 18-19.

### B. Defendants Should Be Ordered to Complete the Administrative Record and Produce a Privilege Log

Again, Plaintiffs join in the entirety of the plaintiff States' arguments and requests for completion of the Record in support of Plaintiffs' APA claims. To that end, Plaintiffs request the same materials as requested by the Plaintiff States to complete the Record: the policies, procedures, forms, and guidance related to the application of the public charge ground of inadmissibility and other procedures implicated by the Rule that were in place prior to the Rule's issuance; the USCIS article, *Public Charge Provisions of Immigration Law: A Brief Historical Background*, and all data the article references, including INS, DHS, and State Department consular processing statistics related to public charge determinations; inter- and intra-agency communications related to the Rule, including records related to the process of developing forms related to public charge determinations and estimations explained in the Rule's Regulatory Impact Analysis; and White House and other external communications to the Agency related to the Rule. *See, e.g.*, *Sierra Club v. Zinke*, No. 17-CV-07187-WHO, 2018 WL 3126401, at *3 (N.D. Cal. June 26, 2018) ("This district has repeatedly required deliberative materials . . . to be added to the administrative record if they were considered in the agency's decision."). And as the plaintiff States explained in their Motion, Defendants' claim that materials related to the Form I-944 are outside the scope of Plaintiffs' case is incorrect because the Form is part of the rulemaking challenged by this case. *See State of Cal.*, No. 4:19-cv-04975-PJH, ECF No. 149 at 9 n.8. Moreover, the Organizational Plaintiffs alleged in their Complaint that the Form "creates internal inconsistency and ambiguity about the retroactive effect of the Regulation" and is part of what makes the Rule arbitrary and capricious. Compl. ¶ 109. Therefore, materials related to the Form should be produced as part of the complete Record.

1       Plaintiffs also agree that Defendants should be ordered to produce a privilege log for any
2  materials withheld based on asserted privilege, consistent with the longstanding practice in this
3  District.  *E.g.*, *Ctr. for Environ. Health v. Perdue*, No. 18-cv-01763-RS, 2019 WL 3852493, at *3
4  (N.D. Cal. May 6, 2019) ("Courts in the Northern District of California have consistently required
5  agencies seeking to assert deliberative process privilege to produce a privilege log."); *S.F. Bay
6  Conservation & Develop. Comm'n v. U.S. Army Corps of Eng'rs*, No. 16-cv-05420-RS(JCS),
7  2018 WL 3846002, at *7 (N.D. Cal. Aug. 13, 2018) (noting support for the Northern District's
8  practice in the Ninth Circuit's decision upholding the district court's requirement for a privilege
9  log in *In re United States*, 874 F.3d 1200, 1210 (9th Cir. 2017), *vacated on other grounds*, 138 S.
10 Ct. 443 (2017)); *see also Exxon Mobile Corp. v. Mnuchin*, No. 3:17-CV-1930-B, 2018 WL
11 4103724, at *3 (N.D. Tex. Aug. 29, 2018) (rejecting the D.C. Circuit's decision to exclude
12 deliberative documents from administrative record and instead following the strict language of
13 section 706 of the APA and the "[m]any district courts [that] have rejected the D.C. Circuit's
14 approach" and required the inclusion of those documents in the record or a privilege log, including
15 this District).

16      Lastly, Plaintiffs also note that the facts and evidence already marshalled in the parties'
17 complaints in support of Plaintiffs' equal protection claims (*see* Plaintiff States' Compl. ¶¶ 284-
18 88, 291-92, 299; Organizational Plaintiffs' Compl. ¶¶ 1, 8, 111, 119-24, 127) also support extra-
19 record discovery on Plaintiffs' APA claims as constituting "a showing of agency bad faith" or
20 "improper behavior."  *S.W. Ctr. for Bio. Diversity*, 100 F.3d at 1450; *McCrary*, 495 F. Supp. 2d at
21 1043; *see supra* n.2.  Plaintiffs also reserve the right to seek extra-record discovery for their APA
22 claims should evidence come to light through discovery that pertains to their APA claims.

## CONCLUSION

24      For all of the reasons stated above and in the motion of the plaintiff States in *State of
25 California, et al. v. Department of Homeland Security, et al.*, Case No. 4:19-cv-04975-PJH, ECF
26 No. 149, the Court should allow Plaintiffs to seek discovery in support of their equal protection
27 claim and order Defendants to complete the Record as set forth herein.
28

-7-                                            Case No. 4:19-cv-4980
PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND
REQUEST FOR LEAVE TO SERVE DISCOVERY

Dated: January 29, 2020       Respectfully submitted,

*/s/ Nicholas Espíritu*
NICHOLAS ESPÍRITU (SBN 237665)
espiritu@nilc.org
LINTON JOAQUIN (SBN 73547)
joaquin@nilc.org
ALVARO M. HUERTA (SBN 274787)
huerta@nilc.org
MAYRA B. JOACHIN (SBN 306065)
joachin@nilc.org
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Boulevard, #108-62
Los Angeles, CA 90010
Telephone: (213) 639-3900
Fax: (213) 639-3911

ANTIONETTE DOZIER (SBN: 244437)
adozier@wclp.org
ROBERT D. NEWMAN (SBN) 86534)
rnewman@wclp.org
DAVID KANE (SBN: 292186)
dkane@wclp.org
WESTERN CENTER ON LAW & POVERTY
3701 Wilshire Boulevard, Suite 208
Los Angeles, CA 90010
Tel: (213) 487-7211
Fax: (213) 487-0242

MARTHA JANE PERKINS (SBN 104784)
perkins@healthlaw.org
NATIONAL HEALTH LAW PROGRAM
200 N. Greensboro Street, Ste. D-13
Carrboro, NC 27510
Tel.: (919) 968-6308
Fax: (919) 968-8855

TANYA BRODER (SBN 136141)
broder@nilc.org
NATIONAL IMMIGRATION LAW CENTER
2030 Addison Street, Suite 420
Berkeley, CA 94704
Telephone: (510) 663-8282
Fax: (213) 639-3911

JOANNA ELISE CUEVAS INGRAM** (SBN 290011)
cuevasingram@nilc.org
NATIONAL IMMIGRATION LAW CENTER
P.O. Box 170392
Brooklyn, NY 11217
Telephone: (213) 377-5258
Fax: (213) 377-5258

MAX S. WOLSON*
wolson@nilc.org
NATIONAL IMMIGRATION LAW CENTER
P.O. Box 34573
Washington, D.C. 20043
Telephone: (202) 216-0261
Fax: (202) 216-0266

KEVIN HERRERA*
herrera@nilc.org
NATIONAL IMMIGRATION LAW CENTER
P.O. Box 32358
Chicago, IL 60632-0358
Telephone: (213) 770-1325
Fax: (213) 770-1325

\*  Admitted *Pro hac vice*
\*\*Admitted to Practice in New York and California

*Attorneys for Plaintiffs La Clínica de La Raza, African Communities Together, California Primary Care Association, Central American Resource Center, Farmworker Justice, Council on American-Islamic Relations-California, Korean Resource Center, Maternal and Child Health Access, and Legal Aid Society of San Mateo County*